| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Steven T. Gubner - Bar No. 156593<br>Jason B. Komorsky – Bar No. 155677<br>Jessica L. Bagdanov – Bar No. 281020<br>BRUTZKUS GUBNER<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: (818) 827-9000<br>Facsimile: (818) 827-9099<br>sgubner@bg.law<br>jkomorsky@bg.law<br>jbagdanov@bg.law<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Plaintiff | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| In re:<br>VOIP GUARDIAN PARTNERS I, LLC,<br><br><br><br>Debtor(s). | CASE NO.:    2:19-bk-12607-BR<br><br>ADVERSARY NO.:    2:21-ap-01044-BR<br><br>CHAPTER:    7 |
|---|---|
| TIMOTHY YOO, Chapter 7 Trustee,<br><br><br><br><br>Plaintiff(s).<br>vs.<br>VOIP GUARDIAN LLC, et al.,<br><br><br><br><br>Defendant(s). | **AMENDED**<br>**JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**<br><br>DATE:    01/04/2022<br>TIME:    2:00 pm<br>COURTROOM:    1668/CourtCall<br>ADDRESS:    Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street,<br>Los Angeles, CA 90012 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

**A.    PLEADINGS/SERVICE:**

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?    ☐ Yes    ☒ No
2. Have all parties filed and served answers to the Claims Documents?    ☐ Yes    ☒ No
3. Have all motions addressed to the Claims Documents been resolved?    ☐ Yes    ☒ No
4. Have counsel met and conferred in compliance with LBR 7026-1?    ☐ Yes    ☒ No

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 1    **F 7016-1.STATUS.REPORT**

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

   The trustee's second amended complaint [Doc.130] is at issue for all U.S. Defendants except the Omanoff defendants however the trustee is still in the process of effectuating service on some foreign defendants, including some primary targets of this action. On 10/5/21, DealDefenders LLC filed a counterclaim against the trustee; the trustee filed a motion to dismiss and DealDefenders amended its counterclaim [Doc.205]. The trustee and DealDefenders are engaged in preliminary settlement negotiations and have agreed to continue the parties' deadlines to respond in light thereof. Additionally, the trustee is in settlement discussions with Rodney Omanoff and his related entities. If either or both of these settlement negotiations result in settlement(s), the trustee believes the universe of disputed issues in this case may be significantly reduced. The trustee is trying to reduce the number of adverse parties before engaging in lengthy and substantial discovery.

B. **READINESS FOR TRIAL:**

   1. When will you be ready for trial in this case?                    Rodney Omanoff & VoIP Guardian LLC
      <u>Plaintiff</u>                                                   <u>Defendant</u>
      January 2023                                                      January 2023

   2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.
      <u>Plaintiff</u>                                                   <u>Defendant</u>
      Trustee anticipates heavy discovery in multiple                    Numerous witnesses will have to be deposed, most of
      foreign jurisdictions; lengthy delays because of                   whom are overseas or in distant states
      foreign defendants

   3. When do you expect to complete <u>your</u> discovery efforts?
      <u>Plaintiff</u>                                                   <u>Defendant</u>
      November 2022                                                     December 2022

   4. What additional discovery do you require to prepare for trial?
      <u>Plaintiff</u>                                                   <u>Defendant</u>
      All discovery permissible                                         All discovery permissible

C. **TRIAL TIME:**

   1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?
      <u>Plaintiff</u>                                                   <u>Defendant</u>
      7-10 days                                                         Unknown because of potential cross-claims and third party-claims

   2. How many witnesses do you intend to call at trial (*including opposing parties*)?
      <u>Plaintiff</u>                                                   <u>Defendant</u>
      Unknown at this time                                              Unknown at this time

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 2    F 7016-1.STATUS.REPORT

3. How many exhibits do you anticipate using at trial?

| Plaintiff | Defendant |
|---|---|
| Unknown at this time | Unknown at this time |

D. **PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pretrial conference ☒ is ☐ is not requested | Pretrial conference ☒ is ☐ is not requested |
| Reasons: | Reasons: |
| Narrow issues before trial | Narrow issues before trial |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set after: | Pretrial conference should be set after: |
| (date) 12/05/2022 | (date) 12/19/2022 |

E. **SETTLEMENT:**

1. What is the status of settlement efforts?

    The trustee has discussed settlement informally with Mr. Omanoff and DealDefenders, however no agreements have been reached. The trustee has not discussed settlement with other defendants, but is open to all settlement discussions.

2. Has this dispute been formally mediated?    ☐ Yes    ☒ No
   If so, when?

3. Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015    Page 3    F 7016-1.STATUS.REPORT

F.  **FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

| Plaintiff | Defendant |
|---|---|
| ☒ I do consent | ☐ I do consent |
| ☐ I do not consent | ☒ I do not consent |
| to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. |

G.  **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Trustee's Statement: The Trustee is always open to mediation. That said, it may still be early in the process for the court to order all parties to mediation at this time. The trustee recommends that once the second amended complaint is at issue for all U.S. Defendants, the court set a schedule for service of initial disclosures.

Omanoff/VoIP Guardian LLC Statement: Issue has not been fully joined on the second amended complaint. Defendants expect to file cross-claims and third party claims. Defendants agree that initial disclosures should be deferred until issue is joined on the complaint as to all U.S. Defendants and until Defendants' cross-claims and third-party claims are filed.

Respectfully submitted,

Date: 12/20/2021

BRUTZKUS GUBNER
Printed name of law firm

/s/ Jessica L. Bagdanov
Signature

Jessica L. Bagdanov
Printed name

Attorney for: Plaintiff

Date: 12/21/2021

BROWN WHITE & OSBORN LLP
Printed name of law firm

Cynthia M Cole
Signature

Cynthia M. Cohen
Printed name

Attorney for: Rodney Omanoff; VoIP Guardian LLC

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                            Page 4                            F 7016-1.STATUS.REPORT

## JOINT STATUS REPORT – ADDITIONAL PARTY ATTACHMENT

Additional party name: Omanoff America LLC, Omanoff America Telecom LLC, Contacts & Contracts, Inc., Richard

☐ Plaintiff    ☒ Defendant    Other (*specify*): Omanoff, Owl America, Inc.

**B. READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?
   January 2023

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.
   Numerous witnesses will have to be deposed, most of whom are overseas or in distant states

3. When do you expect to complete *your* discovery efforts?
   December 2022

4. What additional discovery do you require to prepare for trial?
   All discovery permissible

**C. TRIAL TIME:**

1. What is your estimate of the time required to present *your side of the case* at trial (*including rebuttal stage if applicable*)?
   Unknown because of potential cross-claims and third party-claims

2. How many witnesses do you intend to call at trial (*including opposing parties*)?
   Unknown at this time

3. How many exhibits do you anticipate using at trial?
   Unknown at this time

**D. PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pretrial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

Pretrial conference    ☐ is    ☒ is not    requested.
Reasons: Narrow issues before trial

Pretrial conference should be set after (*date*): 12/19/2022

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 1    **F 7016-1.STATUS.REPORT.ATTACH**

E. **SETTLEMENT:**

   1. What is the status of settlement efforts?

      Informal settlement discussions with trustee's counsel

   2. Has this dispute been formally mediated?   ☐ Yes  ☒ No
      If so, when?

   3. Do you want this matter sent to mediation at this time?   ☐ Yes  ☒ No

F. **FINAL JUDGMENT/ORDER:**
Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

I ☐ do  ☒ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.

G. **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Issue has not been fully joined on the second amended complaint. Defendants expect to file cross-claims and third party claims. Defendants agree that initial disclosures should be deferred until issue is joined on the complaint as to all U.S. Defendants and until Defendants' cross-claims and third-party claims are filed.

LAW OFFICES OF OLAF J. MULLER
Printed name of law firm

_____
Signature

Olaf J. Muller
Printed name

Attorney for: Omanoff America LLC, et al.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                    Page 2                    F 7016-1.STATUS.REPORT.ATTACH

# JOINT STATUS REPORT – ADDITIONAL PARTY ATTACHMENT

Additional party name: <u>Mark Proto, Youssef Rahman, Tarek Katit, Mudmonth, LLC, Zoom Telecom, Inc., Tee</u>

☐ Plaintiff    ☒ Defendant    Other (*specify*): <u>Telecommunications Inc., 2365 Azure LLC and Overseas Charters Inc</u>

**B. READINESS FOR TRIAL:**

1. *When will you be ready for trial in this case?* Eighteen months after finalization of the pleadings.

2. I*f your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.* This case deals with a complex, international industry that appears to be beyond the comprehension of the Trustee. Discovery will be substantial to demonstrate that the Trustee's allegations are baseless, and Defendants anticipate one or two motions for summary judgment that may prevent the need for a trial. One is likely to focus on the fraudulent transfer claims to show that all "transfers" were earmarked funds belonging to investors, not property of the Debtor. One is likely to focus on the "officer and director" related claims to demonstrate that the Defendants did not owe any fiduciary duties to the Debtor, or otherwise hold any position that could create liability for the claims asserted by the Trustee.

3. *When do you expect to complete your discovery efforts?* Twelve months after finalization of the pleadings.

4. W*hat additional discovery do you require to prepare for trial?* Document production of all bank account records related to challenged transfers and the Debtor's alleged property interest, depositions of each party alleged to play a part including third parties such as Direct Lending's principals, interrogatories and RFAs.

**C. TRIAL TIME:**

1. *What is your estimate of the time required to present your side of the case at trial (including rebuttal stage if applicable)?* It is too soon to provide an estimate, as Defendants expect to obtain summary judgment of most, if not all, of the Trustee's claims which will reduce trial time.

2. *How many witnesses do you intend to call at trial (including opposing parties)?* It is too soon to provide an estimate, as Defendants expect to obtain summary judgment of most, if not all, of the Trustee's claims which will reduce the number of relevant witnesses.

3. *How many exhibits do you anticipate using at trial?* It is too soon to provide an estimate, as Defendants expect to obtain summary judgment of most, if not all, of the Trustee's claims which will reduce the number of exhibits.

**D. PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pretrial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

Pretrial conference ☒ is ☐ is not requested.
Reasons: <u>Defendants anticipate narrowing the issues prior</u> to trial by summary judgment. To the extent claims proceed, there may be opportunities to sever claims or issues of fact or law for the convenience of the Court.
Pretrial conference should be set <u>after</u> 12/31/2022

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 1    **F 7016-1.STATUS.REPORT.ATTACH**

E. **SETTLEMENT:**

1. What is the status of settlement efforts?

    None at this time, as Defendants have no liability to the estate or Trustee.

2. Has this dispute been formally mediated?  ☐ Yes  ☒ No
   If so, when?

3. Do you want this matter sent to mediation at this time?  ☐ Yes  ☒ No

F. **FINAL JUDGMENT/ORDER:**
Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

I ☒ do  ☐ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.

G. **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Defendants have served their Initial Disclosures and wish to immediately proceed with discovery in order to facilitate preparation of dispositive motions.

Baker & Hostetler, LLP
Printed name of law firm

*[signature]*
Signature

David J. Richardson
Printed name

Attorney for: Mark Proto, Youssef Rahman, et al.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015         Page 2         F 7016-1.STATUS.REPORT.ATTACH

# JOINT STATUS REPORT – ADDITIONAL PARTY ATTACHMENT

Additional party name: Phonetime, Inc.

☐ Plaintiff    ☒ Defendant    Other (*specify*): _____

**B. READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?
   January 2023

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.
   See Plaintiff's response

3. When do you expect to complete *your* discovery efforts?
   November 2022

4. What additional discovery do you require to prepare for trial?
   Unknown at this time

**C. TRIAL TIME:**

1. What is your estimate of the time required to present *your side of the case* at trial (*including rebuttal stage if applicable*)?
   Unknown at this time

2. How many witnesses do you intend to call at trial (*including opposing parties*)?
   Unknown at this time

3. How many exhibits do you anticipate using at trial?
   Unknown at this time

**D. PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pretrial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

Pretrial conference    ☒ is    ☐ is not    requested.
Reasons: Narrow issues for trial

Pretrial conference should be set *after* (*date*): _____

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 1    **F 7016-1.STATUS.REPORT.ATTACH**

E. **SETTLEMENT:**

1. What is the status of settlement efforts?

   None

2. Has this dispute been formally mediated? ☐ Yes ☒ No
   If so, when?

3. Do you want this matter sent to mediation at this time? ☐ Yes ☒ No

F. **FINAL JUDGMENT/ORDER:**
Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

I ☐ do ☒ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.

G. **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Leslie Cohen Law PC
Printed name of law firm

*/s/ Leslie Cohen*
Signature

Leslie Cohen
Printed name

Attorney for: Phonetime, Inc.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                Page 2                          F 7016-1.STATUS.REPORT.ATTACH

# JOINT STATUS REPORT – ADDITIONAL PARTY ATTACHMENT

Additional party name: DealDefenders LLC

☐ Plaintiff    ☒ Defendant    Other (*specify*):

**B. READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?

    January 2023

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

    On December 1, 2021, the parties entered into a Stipulation Extending the Trustee's Deadline to respond to DealDefenders' Counterclaims against the Trustee until January 7, 2022.  ECF No. 206.

3. When do you expect to complete *your* discovery efforts?
    DealDefenders expects that discovery will take 6-12 months once issue has been joined.

4. What additional discovery do you require to prepare for trial?

    All permissible fact and expert discovery.

**C. TRIAL TIME:**

1. What is your estimate of the time required to present *your side of the case* at trial (*including rebuttal stage if applicable*)?

    2-3 days

2. How many witnesses do you intend to call at trial (*including opposing parties*)?

    Unknown at this time

3. How many exhibits do you anticipate using at trial?

    Unknown at this time.

**D. PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pretrial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

Pretrial conference    ☒ is    ☐ is not   requested.
Reasons: To address trial issues.

Pretrial conference should be set after (*date*): 12/01/2022

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 1    F 7016-1.STATUS.REPORT.ATTACH

E. **SETTLEMENT:**

1. What is the status of settlement efforts?

    DealDefenders has had some preliminary settlement discussions with the Trustee's counsel.

2. Has this dispute been formally mediated? If so, when?   ☐ Yes  ☒ No

3. Do you want this matter sent to mediation at this time?   ☐ Yes  ☒ No

F. **FINAL JUDGMENT/ORDER:**
Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

I ☐ do  ☒ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.

G. **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

   DealDefenders believes that the Trustee's claims against DealDefenders are frivolous and not supported by the facts or the law and will be the subject of a dispositve motion at the appropriate time.

Elkins Kalt Weintraub Reuben Gartside LLP
Printed name of law firm

*Roye Zur*
Signature

Roye Zur
Printed name

Attorney for: DealDefenders LLC

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                              Page 2                              F 7016-1.STATUS.REPORT.ATTACH

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled: **AMENDED JOINT STATUS REPORT [LBR 7016-1(a)(2)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 23, 2021** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jessica L Bagdanov    jbagdanov@bg.law, ecf@bg.law
- Michael F Chekian    mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- Cynthia M Cohen    ccohen@brownwhitelaw.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com
- Michael I. Gottfried    mgottfried@elkinskalt.com
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Jason B Komorsky    ecf@bg.law, jkomorsky@bg.law
- Steven N Kurtz    skurtz@laklawyers.com, nlessard@laklawyers.com;smcfadden@laklawyers.com
- Olaf J Muller    olaf@olafmullerlaw.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- David J Richardson    drichardson@bakerlaw.com, aagonzalez@bakerlaw.com
- Scott H Siegel    ssiegel@laklawyers.com, smcfadden@laklawyers.com
- Annie Y Stoops    annie.stoops@arentfox.com, yvonne.li@arentfox.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Jessica Wellington    jwellington@bg.law, ecf@bg.law
- Timothy Yoo (TR)    tjytrustee@lnbyb.com, tjy@trustesolutions.net
- Roye Zur    rzur@elkinskalt.com, cavila@elkinskalt.com;myuen@elkinskalt.com;tperkins@elkinskalt.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**\*\*JUDGE'S COPY LESS THAN 25 PAGES IS SUSPENDED (GENERAL ORDER 21-05).**

Honorable Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA  90012-3332

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 23, 2021 | Abbie Au | /s/ Abbie Au |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**